UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ROBERTO A. RIERA RICHARD,

    Plaintiff,

vs.

BLU GIN INC., a Florida Profit Corporation,
a/k/a BLU GIN RESTAURANT AND LOUNGE
BAR and ERNESTO E. VALDES, Individually

    Defendants

_____/

**COMPLAINT**

    Plaintiff ROBERTO A. RIERA RICHARD (hereinafter "Plaintiff") by and through his undersigned attorney, hereby sues Defendants BLU GIN INC., a Florida Profit Corporation a/k/a BLU GIN RESTAURANT AND LOUNGE BAR (hereinafter "BLU GIN") and ERNESTO E. VALDES, individually (hereinafter "VALDES") (collectively "Defendants") and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. Plaintiff was employed by Defendants from on or about November 19, 2021, until on or about November 28, 2022, as a cook. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. BLU GIN is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. BLU GIN has its principal place of business in Miami Beach, Florida. BLU GIN had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. BLU GIN is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, BLU GIN has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce including the ingredients and meals it prepared and sold

9. Specifically, BLU GIN is a restaurant where they use goods transported across interstate lines. Plaintiff regularly cooked on the line as well as assisted with the cleaning of the restaurant.

10. BLU GIN upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant VALDES is the owner of corporate Defendant BLU GIN, and exercised operational control over the activities of, corporate Defendant, BLU GIN.

12. Defendant VALDES, acted directly in the interest of his company, BLU GIN. Upon all available information, VALDES, controlled the manner in which Plaintiff performed his work, the pay he was to receive, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

13. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

16. Specifically, Plaintiff performed work for Defendants as a non-exempt full-time cook from November 2021 through November 28, 2022.

17. During the course of his employment, Plaintiff regularly worked between 48-60 hours per workweek.

18. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

19. A review of the documents of which Plaintiff has in his current possession, custody, and control reflect that Plaintiff was compensated at a rate of $18.00 per hour regardless of the hours worked each week.

20. Furthermore, during his employment, Defendants made an improper deduction from Plaintiff's wages in the amount of $100.00 a week. Furthermore, Plaintiff was required to attend meetings but was not compensated for this time.

21. As a result of these deductions and improper practices, there were times when Defendants failed to issue payment of the required minimum hourly wage for some of the hours worked by Plaintiff.

22. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

23. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

24. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

25. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/MINIMUM WAGES against BLU GIN

26. Plaintiff re-alleges and reaffirms paragraphs 1 through 25 as fully set forth herein.

27. This action is brought by Plaintiff to recover from Defendant BLU GIN unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 206.

28. BLU GIN failed to compensate Plaintiff for all hours worked of his employment. BLU GIN has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

29. BLU GIN knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

30. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

31. By reason of the said intentional, willful and unlawful acts of BLU GIN, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

32. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

33. BLU GIN never posted any notice, as required by the Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

34. As a result, BLU GIN'S willful violations of the Act, Plaintiff is entitled to liquidated damages.

35. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from BLU GIN.

WHEREFORE, Plaintiff respectfully prays for the following relief against BLU GIN:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME against BLU GIN

36. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

37. This action is brought by Plaintiff to recover from Defendant BLU GIN unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

38. Since the commencement of Plaintiff's employment BLU GIN has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees engaged in commerce working for longer than forty (40) hours without properly compensating them for all hours overtime hours at a rate not less than one- and one-half times their regular rate.

39. Specifically, throughout his employment, Plaintiff regularly worked over forty (40) hours during most if not all of the workweeks in which he was employed.

40. BLU GIN is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29

U.S.C. § 203(r) and 203(s). BLU GIN'S business activities involve those to which the Fair Labor Standards Act applies.

41. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as cooking and cutting ingredients in order to make the dishes that were served by Defendant for their breakfast and lunch services, and did not have decision-making authority.

42. BLU GIN has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

43. By reason of the said intentional, willful, and unlawful acts of BLU GIN, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

44. Plaintiff seeks to recover for unpaid wages accumulated within his employment.

45. As a result of BLU GIN'S willful violations of the Act, Plaintiff is entitled to liquidated damages.

46. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from BLU GIN.

WHEREFORE, Plaintiff respectfully prays for the following relief against BLU GIN:

  A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

  B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### VIOLATION OF FLSA/MIMIMUM WAGES against VALDES

47. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

48. At the times mentioned, Defendant VALDES was, and is now, a corporate manager of corporate Defendant BLU GIN.

49. VALDES was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly in the interests of Defendant BLU GIN in relation to its employees including Plaintiff.

50. Specifically, VALDES maintained the right to hire and fire Plaintiff during all pertinent times hereto. He also controlled the manner Plaintiff performed his work and the pay he was to receive.

51. Defendant VALDES is the owner and exercised operational control over the activities of corporate Defendant BLU GIN and is thus jointly liable for Plaintiff's damages.

52. Defendant VALDES willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant VALDES:

    A. Adjudge and decree that Defendant VALDES has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF FLSA/OVERTIME against VALDES

53. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

54. At the times mentioned, Defendant VALDES was, and is now, a corporate officer of corporate Defendant, BLU GIN.

55. VALDES was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that VALDES acted directly in the interests of BLU GIN in relation to its employees including Plaintiff.

56. Specifically, VALDES is the owner of the corporation, and the individual who hired the Plaintiff. VALDES supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

57. VALDES had operational control of the business and is thus jointly liable for Plaintiff's damages.

58. Defendant VALDES willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

59. By reason of the said intentional, willful and unlawful acts of VALDES, Plaintiff has suffered

damages plus incurring costs and reasonable attorneys' fees.

60. As a result of VALDES willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant VALDES:

A. Adjudge and decree that VALDES has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ROBERTO A. RIERA RICHARD, demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: February 10, 2023

**PEREGONZA THE ATTORNEYS, PLLC**

5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com